UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) ) ) |
| v. | ) Civil No. 05-163-P-H |
| CAP QUALITY CARE, INC., | ) ) ) |
| Defendant | ) ) |

**SUPPLEMENTAL ORDER**
**RE: DISCOVERY CONFERENCE HELD MARCH 30, 2006**

As a result of the telephone conference I held on March 30, 2006, and in compliance with the terms of the Order entered that day, counsel for the plaintiff has provided the court and defendant with log entries regarding the State of Maine information and the Code 6 materials referenced in that earlier Order. The logs furnished by plaintiff's counsel are attached hereto. Having reviewed this matter and in light of my prior Order I now make the following entry:

1. The plaintiff is hereby Ordered to produce the documents listed at # 1- 11 in the State of Maine Document Log attached hereto.

2. The defendant and the plaintiff are prohibited from making any further disclosure of the documents listed in the Document Log without the Court's express authorization. The State of Maine, of course, remains free to disclose these documents in any manner deemed lawful under state law.

3. After consideration of the potential confidentiality protections of state law found at 16 M.R.S.A. § 611, et. seq. ("The Criminal History Record Information Act") and Rule 6 of

the Maine Rules of Criminal Procedure, I am satisfied that there is authority under § 614 (3)(C)(2) for a United States District Court to order these documents in the possession of plaintiff's counsel to be produced as part of the discovery process in this case. I am further satisfied that there is no violation of Rule 6 because the Grand Jury materials relate to document subpoenas that apparently were already served upon defendant during the 2002-2003 time frame.

4. The disclosures that are the subject of this Order are expressly subject to the **Amended** Interim Confidentiality Order entered on April 10, 2006.

As to the Code 6 documents, they all appear to have been generated post-September 29, 2005, or in close proximity to that date and do not appear to contain substantive investigative analysis, based upon the log entries. I see no reason to Order further discovery.

Finally, counsel for the defendant has also furnished the court and defendant's counsel with a separate log detailing certain criminal investigative matters. That log is not attached hereto. In the event the parties determine that further discussion is required regarding production of these criminal investigative matters, they should confer and arrange a telephone conference regarding further discovery. Both sides should be fully prepared to argue their respective positions regarding the discoverability of this information, including relevant case authority that supports the position, before scheduling any further telephonic discovery conference on this issue.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

Dated April 11, 2006

                                             /s/ Margaret J. Kravchuk
                                             U.S. Magistrate Judge