UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 05-163-P-H |
| | ) | |
| CAP QUALITY CARE, INC., | ) | |
| | ) | |
| Defendant | ) | |

REPORT OF HEARING AND ORDER
RE: DISCOVERY DISPUTE

Held by telephone on Tuesday, May 23, 2006, at 2:30 p.m.

Presiding:  David M. Cohen, United States Magistrate Judge

Appearances:  For Plaintiff:  Evan J. Roth, AUSA

For Defendant:  Michael J. Cunniff, Esq.
Kimberly L. Murphy, Esq.

For Interested Party
State of Maine:  Dennis E. Smith, AAG

A number of disputes were identified, only one of which involved the State of Maine. That dispute was addressed first and involves the deposition, scheduled for tomorrow, of Elizabeth Harwood, a former investigator for the Maine Board of Licensure in Medicine ("MBOLIM"). Ms.

Harwood was served by the defendant with a Rule 45 subpoena[1] commanding her to appear to give testimony tomorrow at 9 a.m. and to produce documents described in an attachment.  The defendant has since withdrawn the production request.  During the conference the State of Maine orally moved the court to quash the remaining aspect of the subpoena on the ground that the defendant seeks only to elicit from Ms. Harwood confidential information regarding MBOLIM's on-going investigation of Dr. Marc S. Shinderman, which is protected under state law.  After hearing extensive argument from both Mr. Smith and Mr. Cunniff which underscored the complexity of the issue, I directed both counsel to submit written memoranda detailing their respective positions, and including citations and supporting authorities, by May 30, 2006 and to file any supplemental memoranda responding to each other's initial memoranda by June 1, 2006.  I ordered the deposition postponed pending the court's ruling on the State's motion to quash.

Counsel next indicated that they jointly request the issuance by the court of an order authorizing the defendant to arrange for third-party copying of various Initial Disclosure documents pursuant to the same procedure previously authorized by Magistrate Judge Kravchuk.  *See* Docket No. 66.  That request is hereby granted with the understanding that plaintiff's counsel will insure that a member of his staff is present during and observes the entire printing process, that the CD is not duplicated, that the printed copies are sealed immediately upon completion of the printing process, and that they are not reviewed by any third party.

Next addressed was the plaintiff's oral request for an order protecting it from the deposition of plaintiff's investigator Owen Colomb scheduled for May 25, 2006 at 9 a.m.  The plaintiff proffered a number of bases for its protection request, the first being that, all other considerations aside, the

---

[1] Service of the subpoena was accepted on Ms. Harwood's behalf by AAG Dennis Smith on May 17, 2006.

defendant cannot compel Mr. Colomb's testimony without first complying with the so-called *Touhy* regulations. Those regulations provide that "if oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter." 28 C.F.R. § 16.23(c); *see also United States v. Touhy*, 340 U.S. 462 (1951). After discussion and on the basis of Mr. Cunniff's concession that no such affidavit seeking Mr. Colomb's testimony has been furnished to the government, and in the absence of a showing that such an affidavit is not feasible, I ruled that the defendant has failed to comply with the *Touhy* regulations, *see, e.g., United States v. Moussaoui*, 2002 WL 1987909 at *1 (E.D. Va. Jul. 22, 2002), and that, as a consequence, the government was entitled to the protection it sought. As things now stand, Mr. Colomb need not appear for his deposition as presently scheduled.

The fourth issue addressed was the outstanding Rule 30(b)(6) deposition notice served on the plaintiff by the defendant. After some considerable discussion, the parties agreed to withdraw that issue from the court's consideration at this time in favor of a further effort on their part to address and resolve the several sub-issues presented by that notice.

The final issue raised related to the defendant's apparent preparation of a supplementation of its Initial Disclosure involving a software package called DoPi and a dataset of information. The plaintiff objects to any such supplementation. I suggested that until the anticipated supplementation is actually made there is no addressable dispute. Once any such supplementation is made the plaintiff can seek appropriate relief.

*SO ORDERED*.

## CERTIFICATE

A. This report fairly reflects the actions taken at the hearing and shall be filed forthwith.

B. Any objections to the report shall be filed in accordance with Fed. R. Civ. P. 72.

Dated this 23rd day of May, 2006.

                                                            <u>/s/ David M. Cohen</u>
                                                            David M. Cohen
                                                            United States Magistrate Judge