UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 05-163-P-H |
| | ) | |
| CAP QUALITY CARE, INC., | ) | |
| | ) | |
| Defendant | ) | |

### MEMORANDUM DECISION ON DEFENDANT'S MOTIONS TO PERMIT EXPERT WITNESS ACCESS TO CERTAIN INFORMATION AND TO SUPPLEMENT EXPERT REPORT

The defendant, CAP Quality Care, Inc., moves for authorization to permit its expert witness, Louis Fisher, R.Ph., to have access to patient identifying information and for leave to supplement Fisher's expert report. CAP Quality Care's Motion for Authorization to Permit Expert Witness Access to Patient Identifying Information ("Access Motion") (Docket No. 101) at 1; CAP Quality Care's Motion for Leave to Supplement Expert Report of Louis Fisher ("Motion to Supplement") (Docket No. 117) at 1. The government opposes both motions.

**Procedural Background**

A scheduling order was first entered in this action on November 3, 2005; it set the deadlines for designation of experts by the plaintiff as January 18, 2006 and for designation of experts by the defendant as February 22, 2006 with a discovery deadline of April 5, 2006. Scheduling Order with incorporated Rule 26(f) Order (Docket No. 18) at 2. A revised scheduling order was entered on February 27, 2006 which extended the deadlines for the plaintiff's designation of experts to April 12, 2006, for the defendant's designation of experts to May 10, 2006 and for discovery to June 7, 2006.

1

Amended Scheduling Order (Docket No. 55) at 1-2. The second scheduling order was revised on motion of the plaintiff on April 5, 2006. Docket Nos. 70 & 71. The scheduling order was again revised on May 9, 2006, on motion of the defendant, to extend the deadline for the defendant's designation of experts to May 15, 2006, Docket Nos. 80 & 81, and on June 5, 2006, over the defendant's objection, to extend the discovery deadline to June 28, 2006, Report of Telephone Conference and Order (Docket No. 104) at 2-3. The defendant's motion to extend the discovery deadline to allow for the taking of the plaintiff's deposition under Fed. R. Civ. P. 30(b)(6) was granted on June 9, 2006. Docket Nos. 115 & 118. Finally, the discovery deadline was further extended by one day in response to the unopposed motion of the defendant. Docket Nos. 121 & 122.

An interim confidentiality order was entered on March 2, 2006. Interim Confidentiality Order (Docket No. 57). This order provided, *inter alia*, that experts employed by the parties or counsel could only have access to documents from which patient-identifying information had been removed, except that Nicholas Reuter and Marc Fecteau could have access to documents containing patient-identifying information under certain conditions. *Id.* at 7. Reuter and Fecteau are not otherwise identified in the order. An amended interim confidentiality order was entered on April 10, 2006; this order did not change the provision just mentioned. Amended Interim Confidentiality Order (Docket No. 72) at 7-8.

## Discussion

The defendant seeks authorization for its expert, Louis Fisher, R. Ph., to have access to documents from which patient-identifying data has not been redacted, as was allowed in the original and amended interim confidentiality orders for Nicholas Reuter and Marc Fecteau, "expert witnesses for the plaintiff." Access Motion at 1-2. It asserts that Fisher will need to review "certain methadone accountability documents and/or data containing [more than a thousand] patient names," making

redaction impracticable. *Id*. at 2. The defendant states that Fisher "will not have access to any confidential patient communications during his review" and will sign an acknowledgment of the terms and conditions set forth in the "Acknowledgement and Agreement to be Bound" that is incorporated into both versions of the confidentiality order. *Id*. The defendant asserts that, but for the existence of the confidentiality order, Fisher would have been properly granted access to the patient names in his capacity as an independent contractor, provided that he executed a confidentiality acknowledgement. *Id*.

Asserting that "it remains unclear to the undersigned counsel why Fisher needs access or what CAP was asking Fisher to do" and that the then discovery deadline of June 7, 2006 had not been extended for such a matter, the government opposed the motion.[1] Response to Motion for Authorization to Permit Expert Witness Access, etc. ("Access Opposition") (Docket No. 105) at 2. The government also relied on the fact that the defendant had not at that time filed a request for leave to supplement Fisher's disclosed opinion. *Id*. In response, the defendant filed a detailed explanation of what Fisher had been able to accomplish since being retained and what it planned to asked Fisher to do in addition to the opinions set forth in the opinion already provided. Defendant's Reply to Plaintiff's Response to Allow Defendant's Expert Access to Patient Identifying Information (Docket No. 116) ("Access Reply") at 1-4. The defendant noted that it had filed contemporaneously a motion for leave to supplement Fisher's report and that it "has no objection to the deposition of Mr. Fisher if the Government contends that it would be otherwise prejudiced." *Id*. at 3-4.

Fisher's proposed supplemental report is attached to the motion for leave to supplement that report. Motion to Supplement & Exh. 1 thereto. This supplemental report does not appear to

---

[1] The instant motion was filed on June 5, 2006, two days before the then deadline for discovery, since enlarged to June 28, 2006. Docket No. 101.

address the matters set forth in paragraphs 6 and 9 of the defendant's reply to the plaintiff's motion for access. *Compare* Access Reply ¶¶ 6 & 9 *with* Exh. 1 to Motion to Supplement. The motion to supplement is silent on the question whether a further supplement will be necessary when and if Fisher is given access to the records containing patient-identifying information.

Chiding the defendant for allegedly including in its reply to the plaintiff's opposition to the motion for access "a variety of new assertions that were not included in its motion," which the government asserts is "[c]ontrary to local practice," the government opposes the instant motion because the defendant did not file it until the day after the discovery deadline expired, citing case law concerning sanctions for discovery violations. Opposition to Motion for Leave to Supplement Expert Opinion ("Supplement Opposition") (Docket No. 120) at 3 n.3 & 4-5. I see nothing untoward in the defendant's reply memorandum with respect to the access motion; it was attempting to respond to the plaintiff's assertion that it had not provided sufficient detail about Fisher's need for the requested access and the additional expert opinions that might ensue if the motion were granted. I also see no discovery violation. The defendant is properly requesting leave, one day after the close of discovery, to file a supplemental expert disclosure. While that practice is hardly commendable, it does not constitute a violation of any discovery order or rule.

The government cites case law involving the assertion of "a new theory of medical negligence" after discovery had closed and trial was imminent and the designation of a new expert witness more than a month after the deadline for designation of experts. *Id*. at 5-6. Neither is sufficiently similar to the situation presented here to be of persuasive value. The defendant asserts that the supplemental report "does not present a new theory or add any new issues," Defendant's Reply to Plaintiff's Opposition to Motion for Leave to Supplement, etc. (Docket No. 123) at 3, and that statement appears

4

to be correct, *compare* final page of Attachment 1 to Access Opposition *with* Exhibit 1 to Motion to Supplement.  Fisher was timely designated by the defendant.

The government asserts that the prejudice that would result from granting the motion for leave to supplement in this case "is similar to that in" the case in which a new theory of negligence was injected into the case after discovery had closed.  Supplement Opposition at 5.  Since no new theory is advanced in Fisher's proffered supplemental report, the government's contention that "CAP is trying to add new categories of expert testimony on matters that CAP knew about prior to the expert designation deadline," *id*. at 5-6, a very carefully phrased assertion, is nonetheless incorrect.  The government raises no other claim of prejudice in its opposition.  Trial is not imminent.

I emphasize that my ruling extends only to matters explicitly discussed in Fisher's proffered supplemental report.  To the extent that the defendant seeks at trial to offer Fisher's expert testimony based on information that he may derive from access to the unredacted patient records after the date of this decision, whether or not that testimony may concern the same theories or subject matter as the supplemental report already submitted, such testimony is not necessarily made admissible by this ruling.  That is a matter that must be presented to the court for resolution before any such testimony is offered.  Nor do I rule on the defendant's offer to make Fisher available for deposition before trial. If the government wishes to conduct such a deposition and the parties cannot agree on any aspect of that procedure, they may approach the court in the usual manner applicable to resolution of discovery disputes.

For the foregoing reasons, the defendant's motions (i) for permission for its expert witness, Louis Fisher, to have access to patient-identifying information, subject to signing of the Acknowledgement and Agreement to be Bound that is included in the amended interim confidentiality order (Docket No. 72), and (ii) for leave to supplement Fisher's expert opinion are **GRANTED**.

Dated this 6th day of July 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge